

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **Dona and Robin "Trap" Coppedge,** § | | |
| **Individually and as Next Friend of their** § | | |
| **Minor Son,** § | | |
| *Plaintiffs,* § | | **Civil Action No. 9:05-CV-162** |
| **v.** § | | |
| § | | |
| **K.B.I., Inc. And Sabatti S.P.A.,** § | | |
| *Defendants*. § | | |

**MEMORANDUM OPINION IN SUPPORT OF THIS COURT'S EVIDENTIARY
RULINGS REGARDING PLAINTIFFS' MEDICAL OR HEALTH CARE EXPENSES**

In accordance with 28 U.S.C. § 636(b)(1) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred the above-captioned civil action to the undersigned United States Magistrate Judge for determination of pretrial motions and proceedings and entry of findings of fact and recommended disposition on case-dispositive motions. *See Referral Order* [Clerk's doc. #34]. On June 7, 2007, this Court conducted a pre-trial conference in the above-referenced matter and addressed several issues asserted in motions in limine (and corresponding exhibits) concerning whether medical or health care expenses are limited to the amount actually "paid or incurred" under Section 41.0105 of the Texas Civil Practice and Remedies Code. At the conference, the parties argued their positions on the admissibility of the minor

Plaintff's medical expenses in terms of "paid or incurred." The Court also requested additional *in camera* briefing on this issue, which the parties duly submitted.[1]

## I. Background

This case is based upon the allegation that the Plaintiffs' minor child sustained injuries while practicing skeet shooting using a 12-gauge, over-and-under, Charles Daly Superior Hunter AE-MC shotgun. On August 19, 2004, the Plaintiffs' thirteen year-old son was shooting skeet at the Houston County, Texas 4-H Shooting Range. He was using a 12 gauge, over and under Charles Daly Superior Hunter AE-MC shotgun, serial number 69987. The shotgun in question was manufactured by Defendant Sabatti, S.P.A. in Italy and then sold by Co-Defendant K.B.I., Inc. ("K.B.I.") in the United States.

According to the Plaintiffs, during the practice session and while the shotgun was being fired, the lower barrel ruptured. The explosion caused the upper barrel to travel approximately 80 feet in the air down-range. The lower barrel penetrated Levi Coppedge's forehead and was removed by his father. The Plaintiffs' son has since undergone various operative and medical treatments, including brain surgery. The expenses associated with the minor Plaintiff's medical treatment are obviously at issue in this case and their admissibility upon application of Section 41.0105 of the Texas Practice and Remedies Code is before this Court.

## II. Sabatti's Contentions

Sabatti argues that § 41.0105 was passed as part of the Texas Legislature's "tort reform" package in 2003 and serves to limit the recovery of medical and health care expenses to the amounts

---

[1] This Court also received a letter dated June 21, 2007 from counsel for Plaintiffs regarding the Fifth Circuit's recent decision in *Duff v. Werner Enterprises, Inc.,* No. 06-40308, 2007 WL 1746254 (5th Cir. June 19, 2007). At this Court's request, Sabatti also submitted an *in camera* response regarding the applicability of this case.

which are actually paid or incurred by Plaintiff or their insurer. Sabatti contends that Section 41.0105 reduces a plaintiff's recovery for medical expenses by the amounts that have been "written off" or adjusted downward through negotiations between a health care provider and either the patient or a third party insurance provider. Sabatti requests that the Court limit Plaintiffs' recovery in this matter to those expenses proven to be paid or incurred, and not include any recovery for amounts that are adjusted or "written off" by the health care provider during its negotiations with Plaintiffs' health insurance company. Going further, Sabatti argues that Section 41.0105 may allow them to introduce evidence that Plaintiffs have not paid the full amount charged for medical expenses because of "write offs" or adjustments despite the collateral source rule.[2]

Sabatti requests that this Court address the issue by (1) reducing the jury verdict if and after the jury finds liability to reflect any amounts actually paid or incurred; or (2) allow the admission of evidence showing only amounts actually paid or incurred with any indication on the records of insurance or third-party payors redacted and the jury provided with a limiting instruction to disregard any supposed existence of insurance. Sabatti alternatively asks the Court to prohibit Plaintiffs from introducing evidence of medical expenses unless said expenses were actually paid or incurred and to allow Sabatti to introduce evidence showing amounts which actually paid or incurred by Plaintiffs.

### III.   Plaintiffs' Contentions

The Plaintiffs respond in noting that United States Magistrate Judge John Love, here in the Eastern District of Texas, recently held that he was reluctant to overturn well-settled law that the word "incurred" means the full amount of plaintiffs' medical bills, even when that amount is paid by

---

[2] Sabatti cites *Senate Research Center, Bill Analysis,* C.S.H.B.4, 78R1654E, section 13.08 pg. 27 (May 14, 2003).

insurance or "written off."[3] Arguing further, Plaintiffs submitted documents which indicate that the Texas Legislature recently met and overwhelmingly decided to limit the "paid or incurred" debate to health care liability claims under Chapter 74 of the Civil Practice and Remedies Code. Plaintiffs distinguish the two Texas court cases cited by Sabatti.[4] Finally, Plaintiffs contend that the actual issue before this Court is the admissibility of the medical expenses incurred, not the amount Plaintiffs will be awarded at trial if they prevail. Plaintiffs note that one Texas appellate court applied § 41.0105 after verdict and reduced plaintiff's award for past medical expenses.[5]

**IV. Analysis**

Section 41.0105 of the Texas Civil Practice and Remedies Code provides that:

> "In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant."

TEX. CIV. PRAC. REM. CODE § 41.0105. Although it appears that the language of the statute may prohibit a plaintiff from *recovering* past medical expenses which have been reduced or written off, the statute does not, on its face, prohibit the introduction of the full amount of the medical bills, allowing the trial court to reduce them if the jury finds liability and awards damages for past medical expenses. Indeed, two recent Texas court of appeals cases have dealt with the application of Section 41.0105 in this manner. In *Mills v. Fletcher,* defendant argued that the trial court should have

---

[3] *See Order, Self v. Walmart Stores, Inc.,* No. 2:05-CV-301 (E.D. Tex. Apr. 5, 2007)

[4] *See Daughters of Charity Health Services of Waco v. Linnstaedter,* No. 05-0108, 2007 Tex. LEXIS 263, 2007 WL 1576045 (Tex., June 1, 2007); *Mills v. Fletcher,* No. 04-06-00345-CV, 2007 WL 142883 (Tex. App. - San Antonio, May 16, 2007, no pet h.).

[5] *See Bituminous Cas. Corp. v. Cleveland,* No. 07-05-0235-CV, 2006 WL 1418624 (Tex. App. - Amarillo, May 24, 2006, no pet.)

reduced plaintiff's award for past medical expenses because his medical providers accepted lesser amounts for their services from his health insurance company, thereby "writing off" the balance due from plaintiff.[6] The San Antonio appellate court agreed and specifically held that Section 41.0105 limited a plaintiff from recovering medical or health care expenses that have been adjusted or "written off" by a health care provider. *Id.* at *3. The Court held that the trial court should have made the reduction of the award and remanded the case.

In *Bituminous Casualty Corporation v. Cleveland*, the Amarillo court of appeals noted, apparently approvingly, that following the receipt of the jury's verdict, the trial court reduced the award pursuant to Section 41.0105 by excluding medical expenses not incurred.[7] Sabatti has not provided the Court with authority which suggests that Plaintiffs should be limited to introducing billing records at trial which reflect an "adjusted down" amount. Nor has Sabatti provided the Court with authority to suggest that they should be allowed to introduce billing records which indicate that the medical bills were "adjusted down". To do so would possibly infer the existence of insurance, which would be patently unfair and inadmissible.

In conclusion, Section 41.0105 speaks not to the admissibility of medical records, but to the recovery of plaintiff; two Texas appellate courts have discussed the trial court's reduction pursuant to the statute after jury verdict; and the introduction of medical bills reflecting amounts that are "written off" or "adjusted" would suggest to a reasonable juror that insurance was involved and only serve to confuse them or complicate the issue. If Sabatti is determined to be liable in this matter and

---

[6] — S.W.3d —, 2007 WL 1423883 *1 (Tex. App. - San Antonio)

[7] —S.W.3d —, 2006 WL 1418624 *1 (Tex. App. - Amarillo)

the jury does award Plaintiff's past medical expenses, Sabatti may then move for a reduction before the District Court pursuant to Section 41.0105.

Accordingly, for the reasons stated herein, the Court **GRANTED** the Plaintiffs' motion in limine as to **Item Number Z**. Accordingly, the following evidence is excluded at trial: "Any evidence, statement, or argument that any of Levi Coppedge's medical expenses have been reduced, discounted, adjusted or written off by virtue of the medical care provider accepting payment from a collateral source." Further, " Plaintiff is entitled to present the full amount of medical expenses that were charged by his medical care providers, and therefore 'incurred' by Plaintiff. Any effort to present evidence of discounts, adjustments, reductions, or write-offs, would inject collateral source payments into the trial and the relevance of such information would be outweighed by the unfair prejudice it would cause Plaintiff."

**SIGNED this the 3rd day of July, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE